IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02270-WJM-CBS

MRS. REBECCA RENEE CRONE, and
MR. TIM CRONE,[1]
     Plaintiff,
v.

DEPT. OF HUMAN SERVICES; ET, D.H.S. DEFENDANTS,
MS. HOLLY MCBEE,
MR. MATTHEW GRAF[F],
MR. ROCCO MECONI,
ROGER MCKISSACK, and
TRACY MCKISSACK,
     Defendants.

_____

AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE[2]
_____

Magistrate Judge Craig B. Shaffer

     This civil action comes before the court on: (1) the "Renewed Motion to Dismiss

Amended Complaint from Remaining Fremont Defendants Pursuant to F.R.C.P. Rule

12(b)(1) and (6)" filed by Defendants Graff, Meconi, and McBee ("Fremont Defendants") on

March 9, 2012 (Doc. # 50); and (2) the "Renewed Motion to Dismiss Amended Complaint for

Foster Parents: Roger & Tracy McKissack Defendants[ ] Pursuant to F.R.C.P. Rule 12(b)(1)

_____

     [1]     On April 10, 2012, Mr. Crone filed his "request [that] the entire court proceedings be dismissed . . . ." (*See* Doc. # 59). His letter may properly be construed as a notice to voluntarily dismiss his claims. Fed. R. Civ. P. 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; . . . ." Fed. R. Civ. P. 41(a)(1)(B). Here, Defendants have not filed an answer or a motion for summary judgment.

     [2]     The court amends the Recommendation dated October 4, 2012 (Doc. # 66) to: (1) note at p. 11 that at the hearing held on April 24, 2012, Mrs. Crone clarified that she lost custody of her daughter on February 5, 2009, and (2) note at p. 18 n. 4 and p. 19 ¶ 4 that at the April 24, 2012 hearing, Mrs. Crone clarified that she is not suing "Dept. of Human Services; et, D.H.S. Defendants."

and (6)" (filed April 20, 2012) (Doc. # 63).  Pursuant to the Order Referring Case dated

September 1, 2011 (Doc. # 2), and the memoranda dated March 9, 2012 (Doc. # 51) and

April 23, 2012 (Doc. # 64), these matters were referred to the Magistrate Judge.  The court

has reviewed the Motions, Plaintiffs' "Response to Renewed Motion to Dismiss Amended

Complaint from Remaining Fremont Defendants" ("Response") (filed on April 6, 2012) (Doc. #

53), the "Reply in Support of Renewed Motion to Dismiss . . . " filed by Defendants Graff,

Meconi, and McBee on April 20, 2012 (Doc. # 62), the pleadings, the entire case file, the

proceedings held in open court on December 21, 2011 and April 24, 2011 (*See* Courtroom

Minutes (Docs. # 43, # 65)), and the applicable law and is sufficiently advised in the

premises.

I.      Statement of the Case

        Proceeding *pro se,* Plaintiffs filed the instant action on August 30, 2011 pursuant to 42

U.S.C. § 1983.  (*See* Complaint (Doc. # 1)).  With permission of the court, Plaintiffs filed their

Amended Complaint ("AC") (Doc. # 44) on February 24, 2012.  (*See* Courtroom

Minutes/Minute Order (Doc. # 43)).  Plaintiffs allege five "Counts" under § 1983 for: (1)

violation of their Fourteenth Amendment procedural due process rights; (2) violation of their

Fourteenth Amendment substantive due process rights; (3) violation of their Fourteenth

Amendment equal protection rights; (4) declaratory judgment; and (5) an injunction.  (*See*

Doc. # 44 at 29-34 of 34).  Plaintiffs' claims arise from a state court judicial determination of

dependency and neglect regarding Mrs. Crone's juvenile  daughter, who is also Mr. Crone's

step-daughter, before she reached the age of emancipation.  Plaintiffs challenge the

adjudication of dependency and neglect and allege that the Fremont Defendants were

complicit in the adjudication.  Plaintiffs seek declaratory and injunctive relief and monetary

damages.  (*See id.* at 2 of 34 ¶ 1, 32-34 of 34).


II.     Standard of Review

        Defendants move to dismiss the AC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the

subject matter."  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's

case, but only a determination that the court lacks authority to adjudicate the matter.  *See*

*Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts

of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).

Defendants' argument under the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Trust Co.*, 263

U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983),

constitutes a challenge to subject matter jurisdiction.  *See Erlandson v. Northglen Municipal*

*Court*, 528 F.3d 785, 789 (10th Cir. 2008) ("*Rooker-Feldman* is a jurisdictional limit on federal

district and appellate courts, and it prohibits us from reviewing state court decisions.")

(citation omitted).  Plaintiffs have "[t]he burden of establishing subject matter jurisdiction"

because they are "the part[ies] asserting jurisdiction."  *Port City Props. v. Union Pac. R.R.*

*Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

        Fed. R. Civ. P. Rule 12(b)(6) states that a court may dismiss a complaint for "failure to

state a claim upon which relief can be granted."  To withstand a motion to dismiss, a

complaint must contain enough allegations of fact "to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The burden is on the

plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or

she is entitled to relief.  *Twombly*, 550 U.S. at 556.  "Factual allegations must be enough to

raise a right to relief above the speculative level." *Id.*

Because Plaintiffs appear *pro se*, the court reviews their "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate); *Yang v. Archuleta*, 525 F. 3d 925, 927 n. 1 (10th Cir. 2008) (the court cannot be a pro se litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.    Analysis

A.    The Fremont Defendants' Renewed Motion to Dismiss

The Fremont Defendants first argue that under the *Rooker-Feldman* doctrine this court lacks subject matter jurisdiction over Plaintiffs' claims. "The *Rooker-Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel Goodman v. Sipos*, 259 F.3d 1327, 1331 (11th Cir. 2001) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), *overruled on other grounds by Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 284 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983). "The *Rooker-Feldman* doctrine is based on the statutory provision that grants the Supreme Court jurisdiction to review the decisions of the highest state courts for

4

compliance with the Constitution." *Ernst v. Child and Youth Services of Chester County*, 108

F.3d 486, 491 (3d Cir. 1997) (citing 28 U.S.C. § 1257). "Because this jurisdiction is reserved

exclusively to the Supreme Court, it is improper for federal district courts to exercise

jurisdiction over a case that is the functional equivalent of an appeal from a state court

judgment." *Id.* (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). *See also*

*Rousseau v. Bank of New York*, No. 08-cv-00205-PAB-BNB, 2009 WL 3162153, at * 3 (D.

Colo. Sept. 29, 2009) (a claim inviting a federal district court to review and reverse an

unfavorable state court decision is outside of a lower federal court's jurisdiction) (citation

omitted).

> When a plaintiff seeks to litigate a claim in a federal court, the existence of a
> state court judgment in another case bars the federal proceeding under
> *Rooker-Feldman* only when entertaining the federal court claim would be the
> equivalent of an appellate review of that order. For that reason,
> *Rooker-Feldman* applies only when in order to grant the federal plaintiff the
> relief sought, the federal court must determine that the state court judgment
> was erroneously entered or must take action that would render that judgment
> ineffectual.

*Ernst*, 108 F.3d at 491 (citation omitted). The *Rooker-Feldman* doctrine "applies in cases

brought by state court losers complaining of injuries caused by state court judgments

rendered before the district court proceedings commenced and inviting district court review

and rejection of those judgments." *Beeler Properties, LLC v. Lowe Enterprises*, No. 07-cv-

00149-MSK-MJW, 2007 WL 1346591, at * 2 (citing *Exxon Mobil*, 544 U.S. at 284).

The *Rooker-Feldman* doctrine is applicable both to claims at issue in a state court

order and to claims that are "inextricably intertwined" with such an order. *See Exxon Mobil*,

544 U.S. at 286, n. 1 ("[A] district court [can]not entertain constitutional claims attacking a

state-court judgment, even if the state court [did] not pass[ ] directly on those claims, when

the constitutional attack [is] inextricably intertwined with the state court's judgment.") (internal

quotation marks and citation omitted). "Although it is difficult to formulate a foolproof test" to

determine when a federal plaintiff's claims are inextricably intertwined with a prior state court judgment, "we approach the question by asking whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress.  If it did, *Rooker-Feldman* deprives the federal court of [subject matter] jurisdiction."  *Kenmen Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002) (internal quotation marks, citation and footnote omitted), *abrogated in part on other grounds by Exxon*, 544 U.S. at 280, *and by Lance v. Dennis*, 546 U.S. 459 (2006).  Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment.  *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment).

On April 13, 2009, the District Court in Fremont County, Colorado adjudicated Mrs. Crone's daughter "a dependent or neglected child," based on findings of sexual abuse by an adult friend of her family and allegations of sexual abuse by her step-father, Tim Crone, that occurred while she was in the care, custody and control of her mother.  (*See* "Order Granting Summary Judgment (Respondent Rebecca Crone);"  Order and Decree of Adjudication (Doc. # 3-1)).[3]  The District Court vested legal and physical custody of Mrs. Crone's daughter in the Fremont County Department of Human Services for a determinate period of one year and authorized her out-of-home placement.  (*See id.*).

Throughout the AC, Plaintiffs allege that the Fremont Defendants failed to return the child to Mrs. Crone's custody and that the state court's adjudication was based on the Fremont Defendants' failure to properly investigate the credible evidence and presentation of

---

[3]        The court may take judicial notice of documents in the public record.  *State Farm Mutual Automobile Insurance Co. v. Boellstorff*, 540 F.3d 1223, 1226 n. 7 (10th Cir. 2008).

false evidence.  (*See, e.g.,* Doc. # 44 at 2 of 34 ¶ 4; 3 of 34 ¶¶ 7, 13; 4 of 34 ¶¶ 16, 20-21; 5 of 34 ¶¶ 24, 26, 28; 6 of 34 ¶¶ 33, 35, 36; 7 of 34 ¶¶ 43-45; 8 of 34 ¶¶ 51-53; 9 of 34; 10 of 34 ¶ 55; 11 of 34 ¶¶ F, H, M; 12 of 34 ¶¶ 57, 60; 14, 17-20, 22 of 34; 24 of 34 ¶ 35; 25 of 34 ¶ 42; 26, 29, 33 of 34).  Plaintiffs allege "fabrication, "false swearing," and perjury by the Fremont Defendants.  (*See, e.g., id.* at 19, 25 of 34).  Plaintiffs concede that the child was sexually abused by an adult friend but allege that Mr. Crone did not sexually abuse her.  (*See* Doc. # 44 at 3 of 34 ¶¶ 8, 15; 11 of 34 ¶¶ I, J; 18, 22 of 34, 25 of 34 ¶ 41; 28, 31, 33 of 34; *see also* Doc. # 53 at 3 of 15 ¶ 1).  Plaintiffs make the same arguments in their Response, but do not address Defendants' argument regarding subject matter jurisdiction.  (*See* Doc. # 53).

While Plaintiffs claim Fourteenth Amendment violations, they allege that the state court's proceedings and adjudication were based on false evidence and the failure to present other, credible evidence to the state court.  By their allegations, Plaintiffs challenge the state court's decision regarding dependency and neglect of Mrs. Crone's daughter, her removal from the home, her foster care placement, and the failure to reunite her with her mother.  Plaintiffs challenge the state court outcome, seek federal court rejection of that outcome, and claim damages for injury from that outcome.  The allegations in the AC attack the state court's decisions based on its evaluation of the evidence.  *See Goodman*, 259 F.3d at 1331, 1334 (internal quotation marks and citation omitted).  ("Notwithstanding the fact that plaintiffs frame much of defendants' conduct in terms of alleged constitutional deprivations, by attacking the veracity of certain pieces of evidence and the manner in which certain evidence was obtained, plaintiffs are essentially challenging the basis" of the juvenile court's decision to remove the juvenile from his mother's custody.").  *See also Staley v. Ledbetter*, 837 F.2d 1016, 1017-18 (11th Cir. 1988) (holding that the *Rooker-Feldman* doctrine deprived the

federal district and appellate courts of subject matter jurisdiction over a plaintiff's § 1983 claim based on alleged violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment that "in essence sought to reverse a state court's child custody determination").  According to the AC, the Fremont Defendants' alleged misconduct occurred during the course of state court dependency, neglect, and custody proceedings.  Plaintiffs challenge the validity of the state court custody order as being the product of the Fremont Defendants' deprivation of their constitutional rights. For Plaintiffs to prevail on their claims, the federal district court would have to review, and ultimately reject, state court orders. Because Plaintiffs' claims are inextricably intertwined with the state court's orders and adjudication, they are subject to dismissal for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine.

Plaintiffs' Fourth and Fifth Counts for declaratory judgment and injunctive relief further demonstrate that Plaintiffs seek a determination in this court that would undo or is inextricably intertwined with a state court judgment.  In their Fifth Count, Plaintiffs seek

> an injunction requiring Defendants to pay additionally for such punitive damages, and to cease removing younger children and teen-age children from loving hard-working good parent grandparents, American Citizens residing in state of Colorado <u>when there is no abuse</u> and no neglect that is visible, nor proven, and or 'no rush to judg[ ]ment' like in this case due to one's own personal biascy against such a loving mother, of such good, and loving, step-parent, encompassing injunction to make caseworker(s) supervisory personnel preclude from thinking they have such '{power} to just go into a house based on a word or <u>allegation</u>, without any supportive fact, and 'take away a child' without such warrant of emergent removal authorized, executed by a trier of fact/judge, with sworn-in fact(s) and credible, reliable competent evidence, as in this case, the word of one was 'enough' to undermine one's loving home, and good name reputation as per plaintiff T.C. and R.C. [sic]

> Yet was not enough because the sexual abuse clearly was not cause to the child by Tim Crone, as falsely stated under oath, deliberate falsehood by DHS but by another man, who clearly did abuse such teen child, but did not matter to DHS who in part, and in wholly, supported the 'continue detention of one's child' rather than return her to the loving arms, and home of her mother until eighteen, in violation of My own U.S. Constitutional Right, as my husband. [sic].

(*See* Doc. # 44 at 33 of 34).   Granting relief on Plaintiffs' claims "would undercut" the state

court's adjudication.   *See Ismail v. County of Orange,* No. SACV 10-00901 VBF (AJW), 2012

WL 3644170, at * 16 (C.D. Cal. June 11, 2012) (plaintiffs' allegations of false, inaccurate,

malicious, or biased recommendations, reports, and testimony presented by social worker

defendants to juvenile court in connection with decisions on such matters as juvenile's

removal from plaintiff's home, his status as dependent of the court, his foster care placement,

plaintiff's visitation with him, and the termination of parental rights were inextricably

intertwined with the orders and judgment of the juvenile court) (internal quotation marks and

citation omitted).   Plaintiffs' claims would require this court to review the state court's

dependency, neglect, and custody adjudication.   This court lacks subject matter jurisdiction to

conduct such a review.

To the extent that the Fremont Defendants perceive that Plaintiffs may be asserting a

Fourth Amendment claim (*see* Doc. # 62 at 8-9 of 12;   Doc. # 53 at 4 of 15 ¶ 4; 6, of 15 ¶ 4;

8-10 of 15; 13 of 15), such claim fails to state a claim to which relief can be granted and the

court lacks subject matter jurisdiction.   First, while Plaintiffs make vague references to the

Fourth Amendment (*see* Doc. # 44 at 7 of 34 ¶ 45; 13 of 34 ¶ 63 § 5), they do not identify a

Fourth Amendment claim in any of the specified counts in the AC.   (*See* Doc. # 44 at 29-34 of

34).   To the extent that Plaintiffs make general references to the Fourth Amendment in their

Response (*see* Doc. # 53 at 4, 9, 10, 13 of 15), allegations that do not appear in the AC

cannot be raised for the first time in a response to a dispositive motion.   *See Blackmon v.*

*U.S.D. 259 School Dist.*, 769 F. Supp. 2d 1267, 1267 (D. Kan. 2011) ("To the extent Plaintiff

tried to assert additional or different claims in her response to Defendant's motion to dismiss,

those claims are not allowed.");   *In re Qwest Communications Int'l, Inc.*, 396 F. Supp. 2d

1178, 1203 (D. Colo. 2004) (holding that "plaintiffs may not effectively amend their Complaint

by alleging new facts in their response to a motion to dismiss"); *Mattson v. Chertoff*, No. 07-cv-02432-PAB-BNB, 2009 WL 564289, *4 n.3 (D. Colo. Mar. 5, 2009) ("The plaintiff attempts to assert an additional claim for a 'matter' 'that occurred on March 1, 2008.' I will not address claims raised for the first time in a brief opposing a dispositive motion.") (internal citation omitted).

Next, Plaintiffs do not allege any facts to support a Fourth Amendment claim.  They do not allege any specific conduct by any of the Defendants with regard to the child's removal from the home.  They do not allege when or under what circumstances Mrs. Crone's daughter was removed from the home.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008) (internal quotation marks and citation omitted).  At the hearing held on April 24, 2012, Mrs. Crone clarified that she lost custody of her daughter on February 5, 2009, preceding the state court's adjudication on April 13, 2009.  Plaintiffs filed this lawsuit on August 30, 2011, more than two years after the state court's adjudication and the removal of the child from the home.  Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993) (applying § 13-80-102 to § 1983 claim).

Nor do Plaintiffs allege any facts upon which the court could conclude that a Fourth Amendment claim is not also barred by the *Rooker-Feldman* doctrine.  Plaintiffs do not allege that the evidence underlying a Fourth Amendment claim was never introduced in the state

10

court proceedings or relied upon by the state court in making its  determinations.  The state court decided to take custody of the child away from the mother after finding uncontroverted the evidence presented by the Fremont County Department of Human Services.  (*See* Doc. # 3-1).  Plaintiffs' allegations that the Fremont Defendants removed the child from the home based on false information are inextricably intertwined with and could call into question the state court's dependency, neglect, and custody orders.  *See, e.g., PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1194 (10th Cir. 2010)  (*Rooker–Feldman* doctrine barred malicious prosecution claims).  Plaintiffs were both parties to the state court proceedings and do not allege that they had no reasonable opportunity to present a Fourth Amendment claim during the state dependency, neglect, and custody proceedings.  Plaintiffs do not allege whether they pursued relief through the state appellate process.  In sum, the court concludes that Plaintiffs fail to state and the court lacks subject matter jurisdiction over any Fourth Amendment claim.

Plaintiffs also use isolated words "conspiracy", "defamation," "slander," "first amendment rights," violation of "their own internal" procedures and policy, "negligent," "intentional infliction of emotional distress," and "libel" in the AC.  (*See* Doc. # 44 at 2 of 34; 3 of 34 ¶ 10; 4 of 34 ¶ 18; 7 of 34 ¶ 45; 9 of 34; 12 of 34 ¶ 57; 13 of 34 ¶ 63. § 6, 7; 15 of 34; 24 of 34 ¶¶ 30, 32; 26 of 34; 29 of 34).  First, claims of § 1983 liability may not be predicated on negligence.  *See Camuglia v. City of Albuquerque*, 448 F.2d 1214, 1222-23 (10th Cir. 2006) (negligence cannot be the basis for a constitutional violation);  *Medina v. City and County of Denver*, 960 F.2d 1493, 1500  (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"), *overruled on other grounds by Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998).  Second, violation of internal procedures or policies cannot state a claim under § 1983.  *See Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) ("To the extent

[plaintiff] seeks relief for alleged violations of state statutes and prison regulations, however, he has stated no cognizable claim under § 1983.") (citations omitted).  Third, Plaintiffs' isolated references to "conspiracy" and "first amendment rights" do not meet the pleading requirements of the Federal Rules of Civil Procedure.  Plaintiffs' allegations "mention no specific time, place, or person involved in the alleged conspirac[y]." *Twombly*, 550 U.S. at 1970 n. 10.   "[N]othing contained in the complaint invests either the action or inaction alleged with a plausible suggestion of conspiracy."  *Id.* at 1971.  Other than a single mention of the First Amendment, Plaintiffs plead no factual allegations at all, much less sufficient facts "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

Finally, to the extent that Plaintiffs might be asserting state law tort claims of "defamation," "slander," "intentional infliction of emotional distress," and "libel," Title 28 U.S.C. § 1367(a) grants supplemental or pendent jurisdiction to federal district courts over a plaintiff's state law claims which arise out of the same transaction or occurrence as the federal claims.  A district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  *See also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").  As the court recommends dismissal of Plaintiffs' § 1983 claims, the only claims over which this court could have had original jurisdiction, any supplemental state law tort claims may properly be dismissed.

B.     The McKissacks' Renewed Motion to Dismiss

Defendants Roger and Tracy McKissack apparently were Mrs. Crone's daughter's

foster parents during some unspecified time period.  Plaintiffs appear to allege that the McKissacks lied to Mrs. Crone's daughter.  (*See* AC (Doc. # 44) at 9 of 34).  The McKissacks filed their Renewed Motion to Dismiss in their *pro se* capacities, merely reiterating the arguments made in the Fremont Defendants' Renewed Motion to Dismiss.  (*See* Doc. # 63).  In open court on April 24, 2012, with Mrs. Crone in attendance via telephone, the court ordered that a response to the McKissacks' Motion be filed no later than May 15, 2012.  To date, no response to the McKissacks' Motion has been filed.

"[A] district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks and citation omitted).  "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Issa*, 354 F.3d 1177-78 (internal quotation marks and citations omitted).  "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

Plaintiffs bring all of their claims pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the U.S. Constitution.  The Fourteenth Amendment provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." Since the United States Supreme Court's decision in the *Civil Rights Cases*, 109 U.S. 3 (1883), "'the principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States.'" *Blum v. Yaretsky*, 457 U.S. 991, 1002-03 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)).  The Fourteenth Amendment "erects no shield

against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. at 13 (citations omitted). *See also West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999) ("Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights.").

Private conduct may constitute state action if it is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). *See also Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (where "a § 1983 claim is based on the conduct of a private individual, that conduct constitutes state action if it is fairly attributable to the state.") (internal quotation marks and citations omitted). The Supreme Court "has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case," *Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1456 (10th Cir. 1995), including: (1) the "public function" test, (2) the "nexus" test, (3) the "joint action" test and (4) the "state compulsion" test. *Lugar*, 457 U.S. at 939. "Under each of these four tests, 'the conduct allegedly causing the deprivation of a federal right' must be 'fairly attributable to the State.' " *Gallagher*, 49 F.3d at 1447-48 (quoting *Lugar*, 457 U.S. at 937).

Courts applying these tests in specific cases "have rejected the premise that foster parents can be considered state actors" for purposes of Section 1983. *Walker v. Johnson*, 891 F. Supp. 1040, 1050-51 (M.D. Pa. 1995). *See also Rayburn v. Hogue*, 241 F.3d 1341, 1349 (11th Cir. 2001) (applying public function test, state compulsion test, and nexus/joint action tests to determine whether the actions of foster parents can be "fairly attributable to the State" and finding that foster parents do not qualify as state actors under any one of the three

tests);  *K.H. Through Murphy v. Morgan*, 914 F.2d 846, 852 (7th Cir. 1990) ("We may

assume, without deciding . . . that the foster parents, even if paid by the state, are not state

agents for constitutional purposes");  *Milburn v. Anne Arundel County Dep't of Soc. Servs.*,

871 F.2d 474, 479 (4th Cir. 1989) (concluding that foster parents are not state actors);  *Lintz*

*v. Skipski*, 807 F. Supp. 1299, 1305–07 (W.D. Mich. 1992) (applying public function test,

state compulsion test, and symbiotic relationship or nexus tests to determine whether the

actions of foster parents can be "fairly attributable to the State" and finding that foster parents

do not qualify as state actors under any one of the three tests);  *Pfoltzer v. County of Fairfax*,

775 F. Supp. 874, 891 (E.D.Va. 1991) (foster parents were not state actors).

The AC does not set forth facts that would suggest that the McKissacks were

functioning in any capacity other than as private actors.  Even construing the AC in a light

most favorable to Plaintiffs, the court must conclude that they have not adequately alleged

that the McKissacks acted under color of state law.  As the AC does not plausibly allege that

the McKissacks were state actors, there is no adequate basis for Plaintiffs' claims against the

McKissacks based on § 1983.  The McKissacks are properly dismissed from this civil action.


C.      Defendants "Dept. of Human Services; et, D.H.S. Defendants"

To the extent that Plaintiffs are suing the Fremont County Department of Social

Services, the Eleventh Amendment provides immunity for state governmental entities sued in

federal court for monetary damages under § 1983.  *Ambus v. Granite Board of Education*,

995 F.2d 992, 994 (10th Cir. 1993) (citation omitted).  The Fremont County Department of

Social Services is an arm of the state entitled to immunity pursuant to the Eleventh

Amendment.  *Schwartz v. Jefferson County Dept. of Human Services*, No. 09-cv-00915-

WJM-KMT, 2011 WL 1843309, at ** 1-6 (D. Colo. May 16, 2011) (finding County

Departments of Human Services arms of the state and thus entitled to immunity from § 1983

claims brought against them).  Therefore, in addition to the court's lack of subject matter

jurisdiction under the *Rooker–Feldman* doctrine, the court lacks subject matter jurisdiction

over Plaintiffs' § 1983 claims against Defendants "Dept. of Human Services; et, D.H.S.

Defendants" for monetary damages and such claims are properly dismissed without prejudice

pursuant to Rule 12(b)(1) based on Eleventh Amendment immunity.[4] [5]


Accordingly, IT IS RECOMMENDED that:

1.      The "Renewed Motion to Dismiss Amended Complaint from Remaining Fremont

Defendants Pursuant to F.R.C.P. Rule 12(b)(1) and (6)" filed by Defendants Graff, Meconi,

and McBee ("Fremont Defendants") on March 9, 2012 (Doc. # 50) be GRANTED and that

Plaintiffs' claims against these Defendants be dismissed without prejudice pursuant to Rule

12(b)(1) for lack of subject matter jurisdiction.[6]

2.      The "Renewed Motion to Dismiss Amended Complaint for Foster Parents:

Roger & Tracy McKissack Defendants[ ] Pursuant to F.R.C.P. Rule 12(b)(1) and (6)" (filed

April 20, 2012) (Doc. # 63) be GRANTED and that Roger and Tracy McKissack be dismissed

from this civil action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can

_____

[4]      At the hearing held on April 24, 2012, Mrs. Crone clarified that she is not suing "Dept. of Human Services; et, D.H.S. Defendants".  (*See* Courtroom Minutes/Minute Order (Doc. # 65) at 2 of 2).

[5]      Based on its determinations, *supra*, the court need not reach the  additional arguments raised by the Defendants for dismissal of the AC.

[6]      "Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect."  *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010).  *See also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir.2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

be granted.  Because amendment is not likely to cure the deficiencies in the Plaintiffs' pleading with regard to Roger and Tracy McKissack, these Defendants may properly be dismissed with prejudice from this civil action.[7]

3.       In the alternative, Plaintiff Tim Crone's claims be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A) based on his April 10, 2012 "request [that] the entire court proceedings be dismissed . . . ." (Doc. # 59).

4.       Plaintiffs' § 1983 claims against Defendants "Dept. of Human Services; et, D.H.S. Defendants" for monetary damages be dismissed without prejudice pursuant to Rule 12(b)(1) for lack subject matter jurisdiction based on Eleventh Amendment immunity and because Plaintiffs do not seek to sue these entities.

5.       No Defendants or claims remaining, this civil action be dismissed in its entirety.


**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One*

---

[7]       *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (because no amendment could cure defect in pleading, it was appropriate for district court to dismiss the complaint with prejudice).

*Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

      DATED at Denver, Colorado, this 5th day of October, 2012.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge